UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STANDARD MORGAN PARTNERS, LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-4145 |
| | § | |
| UNION INSURANCE COMPANY, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court in this Hurricane Ike insurance case is a motion for summary judgment filed by defendants Nationwide Insurance Company and Nationwide Mutual Fire Insurance Company (referred to jointly as "Nationwide"). Dkt. 46. No response has been filed by plaintiff. The motion is, therefore, considered unopposed. S. D. TEX. LOC. R. 7.4. After considering the motion, the exhibits in support, and the applicable law, the motion is GRANTED.

### BACKGROUND

Standard Morgan Partners, Ltd. ("Standard Morgan"), filed an original petition in the 125th Judicial District Court of Harris County, Texas, on December 7, 2009, asserting that a building in which it held a deed of trust security interest was damaged during Hurricane Ike. Dkt. 1-4 ¶¶ 5-6. The property at issue was insured by "policies issued by Union [National Insurance Company ("Union")] and Nationwide." *Id.* ¶ 5. The case was removed to this court by Union on December 30, 2009, on the basis of diversity of citizenship. Union filed an amended answer and asserted a crossclaim seeking "contribution, indemnity and/or reimbursement" from Nationwide in the nature of a "pro rata" recovery of monies Union apparently paid to the owner of the property at issue. Dkt. 22 at 8. Standard Morgan initially stated claims for breach of contract, unfair settlement practices,

failure to promptly pay claims, breach of the duty of fair dealing, and violation of the Texas Deceptive Trade Practices Act against both insurers, but recently voluntarily dismissed all claims against Union. Dkt. 45. Union's cross-claims against Nationwide were also dismissed. *Id.*

The only claims left in this case are Standard Morgan's claims arising from the Nationwide policy ("Policy"). Nationwide seeks summary judgment on those claims.

## LEGAL STANDARD

A timely motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir.2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id.*

"For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *Celotex*, 477 U.S. at 323-25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

## ANALYSIS

Nationwide seeks summary judgment because Standard Morgan never possessed an insurable interest in the property. Texas law in this respect was summarized in *Jones v. Tex. Pac. Indem. Co.*, 853 S.W.2d 791, 794 (Tex. App. – Dallas 1993, no writ):

> A party must have an insurable interest in the insured property to recover under an insurance policy. It is not necessary that the party own the property to have an insurable interest. "[A]n insurable interest exists when the [insured] derives pecuniary benefit or advantage by the preservation and continued existence of the property or would sustain pecuniary loss from its destruction." *Smith v. Eagle Star Ins. Co.*, 370 S.W.2d 448, 450 (Tex. 1963); *St. Paul Fire & Marine Ins. Co. v. Daughtry*, 699 S.W.2d 321, 322-23

> (Tex.App.-San Antonio 1985, writ ref'd n.r.e.). If a claimant cannot suffer any pecuniary loss or derive any benefit from the property, he has no insurable interest. Accord *Reynolds v. Allstate Ins. Co.*, 629 F.2d 1111, 1114 (5th Cir. 1980) (applying Texas law, the Fifth Circuit reasoned that a mortgagor's insurable interest was not extinguished because the attempted foreclosure was void).

Further, the party seeking insurance coverage bears the burden of proving an insurable interest, and the existence or not of an insurable interest is a question of law. *Id.*

Standard Morgan alleges in its first amended complaint the following relevant facts:

> 6. On September 13, 2008, [Standard Morgan] had a deed of trust security interest in real and personal property at 9920 Gulf Freeway, Houston, Texas 77064 (the "Property") which was insured by insurance policies issued by Union, Nationwide and/or Nationwide Mutual (the "Policies").

Dkt. 16 at ¶ 6. However, recent bankruptcy proceedings testimony from Standard Morgan's sole shareholder, Gilbert Ramirez, unequivocally establishes that Standard Morgan never possessed a deed of trust security interest in the property. Dkt. 48-4 at 17. Rather, the property at issue was sold by Gulf Freeway LLC ("Gulf Freeway") to Lino Chun in January, 2008. *Id*. at 11. Gulf Freeway held the deed of trust security interest in the property at that point and, when Lino Chun defaulted in 2009, it was Gulf Freeway that foreclosed on the property in December, 2009. *Id*. at 12. The only relation that Standard Morgan has to the property is that it owns Gulf Freeway. *Id*. at 13-14.

Standard Morgan cannot recover on any of its claims absent proof that it had an insurable interest in the property. *Jones*, 853 S.W.2d at 794. Standard Morgan has failed in its burden of coming forward with evidence of an insurable interest. Moreover, Nationwide has presented conclusive evidence that Standard Morgan did not possess an insurable interest in the insured property at any relevant time. Thus, Nationwide is entitled to summary judgment.

Nationwide is also entitled to summary judgment for the additional reason that the express terms of the Policy limit Standard Morgan's recovery on any valid claim to its "financial interest in

the Covered Property." Dkt. 48-14 at 17. "If the insurance policy is worded so that it can be given a definite meaning or certain legal meaning, then the policy is not ambiguous. If the policy is not ambiguous, then the court construes the policy as a matter of law." *Brown & Brown of Tex., Inc. v. Omni Metals, Inc.*, — S.W.3d —, 2009 WL 4856782, at *35 (Tex. App.—Houston [1st Dist.] Dec. 17, 2009, no pet. h.) (citing *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003)) (internal citation omitted). The Policy unambiguously limits any recovery thereunder to Standard Morgan's financial interest in the property. The only financial interest alleged by Standard Morgan is a "deed of trust security interest," which has since been conclusively disproven. Standard Morgan has failed to come forward with evidence that it possessed a financial interest in the subject property, and is not entitled to relief under the insurance contract.

## CONCLUSION

Upon consideration of the motions and all responsive pleadings, as well as the applicable law, the motion for summary judgment filed by defendant Nationwide Insurance Company and Nationwide Mutual Fire Insurance Company (Dkt. 46) is GRANTED.

Signed at Houston, Texas on March 15, 2011.

_____
Gray H. Miller
United States District Judge

5